IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN FESTEVOLE,<br>       **Plaintiff** | : | CASE NO. |
| v. | : | CIVIL ACTION |
| ENCORE RECEIVABLE MANAGEMENT, INC.,<br>       **Defendant** | : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES plaintiff, Joan Festevole, by her attorney, Joseph K. Goldberg, Esquire, who files this matter for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"), and in bringing this action before this Court avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Joan Festevole, also known as Joan Butz, is an adult individual residing at 305 S. 2nd Street, Steelton, Dauphin County, Pennsylvania 17113.

2. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

3. Defendant, Encore Receivable Management, Inc., is a Kansas

corporation, qualified to conduct business in the Commonwealth of Pennsylvania, with a registered agent, Lexis Nexis Document Solutions, Inc., 2704 Commerce Drive, Harrisburg, PA 17110.

4. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

5. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

6. Jurisdiction in this case is based upon the existence of a federal question pursuant to 28 U.S.C. § 1337. Jurisdiction is also conferred upon this Court by § 1692k(d) of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202.

7. The unlawful practices and violations of federal law described herein were committed in the Middle District of the Commonwealth of Pennsylvania. Plaintiff has suffered harm in this District as a result of defendant's wrongful acts. Accordingly, venue is proper in this district.

## FACTUAL BACKGROUND

8. Beginning in March, 2008, the defendant began making attempts to contact the plaintiff by telephone as part of its debt collection activities.

9. The defendant's attempted contacts included leaving at least three voice mail messages on the plaintiff's home telephone answering machine.

10. The defendant did not identify itself as a debt collector in any of the voice

mail messages.

11.     The defendant did not state in any of the voice mail messages that it was attempting to collect a debt.

12.     The defendant did not disclose the identity of the company making the telephone calls to the plaintiff.

13.     In one of the messages, the defendant's employee stated, "I am contacting you regarding an important and urgent business matter. It is really important that you contact me. The longer you wait, the more urgent this matter will get."

14.     In another message, defendant's employee stated she was calling, "about a very important and urgent business matter. It is really important that you contact me as soon as you can at 800-901-4714."

15.     All calls contained a request to call 800-901-4714.

16.     800-901-4714 is a telephone number belonging to and/or answered by the defendant at the time the calls were made.

17.     The statements made in the above-described messages were designed to give the plaintiff a false sense of urgency.

18.     Defendant's communications violate the FDCPA.

## COUNT I
## VIOLATION OF THE FDCPA

19.     The averments of paragraphs 1 through 18 are incorporated herein by reference as if fully set forth.

20.     The aforesaid acts of the defendant violate the following provisions of the

FDCPA:

    a)     the use of conduct the natural consequences of which was to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692d, d(2), d(5) & d(6);

    b)     the placement of telephone calls without meaningful disclosure of the callers identity, in violation of 15 U.S.C. § 1692d(6);

    c)     the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e & 1692e(10); and

    d)     the failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, plaintiff respectfully prays that judgment be entered in her favor and against defendant for the following:

    A.     Declaratory judgment that defendant's conduct violated the FDCPA;

    B.     Actual damages;

    C.     Statutory damages of up to $1,000.00, pursuant to 15 U.S.C. § 1692k; and

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,

*/s/ Joseph K. Goldberg*

Joseph K. Goldberg, Esquire
Attorney ID No. 46782
2080 Linglestown Road
Suite 106
Harrisburg, PA 17110
(717) 703-3600
Attorney for Plaintiff

Date: 2-27-09

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**